Thomas LLOYD, Plaintiff,

v.

Russell G. OSWALD, Chairman, New York State Board of Parole, and J. L. Casscles, Superintendent, Ossining Correctional Facility, Defendants.

No. 71 Civ. 975.

United States District Court,
S. D. New York.

May 7, 1974.

Thomas Lloyd, pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y. by Stanley J. Kantor, Deputy Asst. Atty. Gen., New York City, for defendants.

*Memorandum Opinion and Order*

MOTLEY, District Judge.

Plaintiff Thomas Lloyd brings this civil rights action for damages under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, and 1343 and alleges that he has been punished under an *ex post facto* law in violation of Article I, Section 9, Clause 3 of the United States Constitution. Defendants move to dismiss the complaint.

Plaintiff pled guilty in state court to a charge of attempted manslaughter, second degree, and was sentenced to a term of three to six years on June 23, 1965.

In November, 1968, however, plaintiff signed a notice of election pursuant to Penal Law § 70.40(1)(b) (McKinney's Consol.Laws, c. 40, 1967), and Correction Law § 230–a (McKinney's Consol. Laws, c. 43, 1968) which became effective on September 1, 1967 and April 11, 1968 respectively, and provided for conditional releases, at the election of the prisoner when, in cases involving indeterminate sentences, the total good behavior time allowed to him was equal to

the unserved portion of his maximum term.

Mr. Lloyd was released from the Ossining Correctional Facility on January 3, 1969 and the remainder of his term was, thereby, held in abeyance. Plaintiff was returned to the Ossining Correctional Facility on February 9, 1970. On April 2, 1970, it was determined that plaintiff had violated the conditions of his release and his release was revoked. Plaintiff was paroled on March 16, 1972 and his sentence expired in July, 1972.

Plaintiff claims that § 70.40(1)(b), which was enacted after the offense was committed, imposed a harsher penalty on him than Penal Law § 70.40(1)(a) (McKinney 1967) [1] which provides for parole in the discretion of the parole board. Under § 70.40(1)(a), the parole provision, his sentence would have continued during the period of his parole but, under § 70.40(1)(b), the conditional release provision, the sentence was held in abeyance. In short, under the new provision, the prisoner receives no credit for time spent under supervision unless he successfully completes the period of supervision. A prisoner who violates the conditions of his release would be subject to imprisonment for the balance of his term, calculated from the date of his conditional release, although he could be paroled at any time and might again be able to earn another conditional good time release at a later date. The length of his term would, therefore, be longer than if he had been paroled under § 70.40(1)(a), since, if he violated the terms of his parole, he would still be credited with the time spent under parole supervision. *See generally,* Preiser, *Practice Commentary,* Penal Law § 70.-40 (McKinney 1967).

■ The action must be dismissed as to both defendants, who were sued in their capacities as chairman of the New York State Board of Parole and superintendent of Ossining Correctional Facility. Even under the limited immunity applicable to executive officers, *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), these defendants cannot be held liable in money damages. Even if § 70.40(1)(b) were to be held unconstitutional as an *ex post facto* law, executive officers are not ". . . charged with predicting the future course of constitutional law." *Pierson v. Ray,* 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967). Plaintiff has made no claim that defendants have acted in bad faith.

Even if the immunity doctrine did not apply, however, plaintiff's claim is without merit. Section 70.40(1)(b), by giving prisoners who had accumulated the requisite good behavior time a *right* to release, on balance afforded prisoners a benefit. Moreover, prisoners, such as Mr. Lloyd, still had the option of not electing to be released under the conditional release provision, and, instead, seeking parole. The conditional release provision would impose a harsher penalty than the parole provision only if a prisoner who elected to be conditionally released was later found to have violated the conditions of his release.

■ Therefore, § 70.40(1)(b) is not an *ex post facto* law since it did not inflict ". . . a greater punishment, than the law annexed to the crime, when committed," *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798), or, on balance, alter ". . . the situation of a party to his disadvantage. . . ." *Kring v. Missouri,* 107 U.S. 221, 2 S.Ct. 443, 449, 27 L.Ed. 506 (1883).

The court, accordingly, grants defendants' motion to dismiss the complaint.

So ordered.

1. Penal Law § 70.40(1)(a) which became effective on September 1, 1967, was in accordance with the parole provisions applicable at the time plaintiff's offense was committed. See Correction Law § 212 *et seq.*